| | | | |
|---|---|---|---|
| 1 | | UNITED STATES DISTRICT COURT | |
| 2 | | DISTRICT OF NEVADA | |
| 3 | | | Case No.: 2:17-cv-02047-JAD-BNW |
| 4 | Sean Rodney Orth, | | |
| 5 | Petitioner | | **Order Provisionally Appointing Counsel** |
| 6 | v. | | |
| 7 | Warden, High Desert State Prison, et al., | | [ECF No. 33] |
| 8 | Respondents | | |

Pro se petitioner Sean Rodney Orth petitions for habeas relief from his 2007 Nevada state conviction on a handful of offenses that resulted in concurrent sentences of ten years to life. With a motion to dismiss his petition pending,[1] Orth moves for court-appointed counsel.[2] I find that Orth has demonstrated that counsel is appropriate, so I provisionally appoint the Federal Public Defender to represent Orth in this case.

**Discussion**

There are several reasons to grant Orth's request for counsel. Orth is serving three sentences of life imprisonment with eligibility for parole after a minimum of ten years.[3] The issues are lengthy, if not complex. Orth represented himself at trial, and the trial transcript alone is seven volumes long. In the state post-conviction proceedings, Orth—then represented by counsel—filed a petition that is 275 pages long. Much of the state and petitions involve claims

---

[1] EF No. 15.
[2] ECF No. 33.
[3] Petitioner has received parole.

related to a witness who did not reappear when Orth summoned him in his case in chief. Orth also claims that he never received information that that same witness either was a police informant or had received favorable treatment in another case for his assistance in this case.

There is a procedural matter that complicates the appointment of counsel. Orth paid the filing fee in this case, so he has not yet established financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. Orth has also been released from prison on parole, and the court does not have his current financial information. So, I provisionally appoint the Federal Public Defender as Orth's counsel, subject to Orth establishing that he is financially eligible for court-appointed counsel. I will defer ruling on the pending motion to dismiss[4] until representation by counsel is confirmed.

## Conclusion

IT THEREFORE IS ORDERED that Orth must file an application for leave to proceed in forma pauperis by August 1, 2019.

IT FURTHER IS ORDERED that the motion for appointment of counsel **[ECF No. 33] is GRANTED** subject to Orth's timely submission of a complete application for leave to proceed in forma pauperis. **The Federal Public Defender is appointed provisionally as counsel.** If Orth does not file the application by the August 1, 2019, deadline, the court will vacate this provisional appointment of counsel.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SEND Orth an IFP Application** to Proceed Without Prepayment of Fees (Non-Inmate Packet).[5]

IT FURTHER IS ORDERED that the Federal Public Defender has until August 1, 2019,

---

[4] ECF No. 15.

[5] https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/Application-to-Proceed-in-Forma-Pauperis-Non-Inmate.pdf (link generated June 20, 2019).

to (1) undertake representation of Orth or (2) indicate to the court the office's inability to represent Orth.  If the Federal Public Defender is unable to represent Orth, then the court will appoint alternate counsel, subject again to establishment of financial eligibility.  The court will set a deadline for filing an amended petition or amended response to the motion to dismiss, or a motion seeking other relief, once counsel has appeared.  The court does not signify any implied finding of tolling during any time period established or any extension granted.  Orth always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims.  The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely.[6]

Dated: June 29, 2019.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 29, 2019

---

[6] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).