# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Sean Rodney Orth,

          Petitioner

v.

Warden, High Desert State Prison, et al.,

          Respondents

Case No. 2:17-cv-02047-JAD-BNW

**Order Granting Motion to File an Amended Petition and Denying as Moot Motion to Dismiss**

ECF No. 15, 47

    Petitioner Sean Rodney Orth moves for leave to file an amended petition.[1] Although the respondents anticipate that the claims in the amended petition will be untimely, unexhausted, and procedurally defaulted, they state that they will wait until the amended petition is filed to raise those defenses. Good cause appearing, I grant petitioner's motion and give him until December 16, 2019, to file his amended petition. And because the filing of the anticipated petition will moot the respondents' current motion to dismiss,[2] I deny that motion as moot.

    IT THEREFORE IS ORDERED that the motion to file an amended petition **[ECF No. 47] is GRANTED**;

    IT FURTHER IS ORDERED that the motion to dismiss the current petition **[ECF No. 15] is DENIED as moot.**

    IT IS FURTHER ORDERED that **petitioner has until December 16, 2019, to file the amended petition and/or seek other appropriate relief.** Neither this deadline nor any extension of it signifies or will signify any implied finding as to the expiration of the federal

---

[1] ECF No. 47.
[2] ECF No. 15.

limitation period and/or of a basis for tolling during the time period established. Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.[3]

Respondents will have 60 days after service of the amended petition to file their answer or response; petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. The Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses,

---

[3] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

Dated: September 17, 2019

_____
U.S. District Judge Jennifer A. Dorsey