UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sean Rodney Orth, | Case No.: 2:17-cv-02047-JAD-BNW |
| Petitioner | |
| v. | **Order Denying Motion to Dismiss** |
| Warden, N.D.O.C, et al., | [ECF No. 65] |
| Respondent | |

Sean Rodney Orth brings this counseled amended habeas corpus petition under 28 U.S.C. § 2254 to challenge his 2007 Nevada state-court convictions for robbery with the use of a deadly weapon, conspiracy to commit robbery with the use of a deadly weapon, and eluding a police officer.[1] Respondents move to dismiss his petition, arguing that his claims are untimely or unexhausted.[2] Having carefully reviewed the record, I deny the motion because the one ground ultimately at issue is both exhausted and timely.

**Procedural History and Background**

**A.    State-court proceedings**

After a jury trial in which Orth represented himself, the state district court convicted him of robbery with the use of a deadly weapon, conspiracy to commit robbery with the use of a deadly weapon, and eluding a police officer.[3] The state district court adjudged Orth to be a habitual criminal and imposed three concurrent sentences of life imprisonment with eligibility

---

[1] ECF No. 57.
[2] ECF No. 65.
[3] ECF No. 27-9.

for parole beginning after a minimum of ten years.[4] Orth appealed, and the Nevada Supreme Court affirmed.[5] Orth filed a proper-person post-conviction habeas corpus petition in the state district court.[6] Orth then filed a counseled first amended petition and supplemental petition.[7] The state district court denied the petition.[8] Orth appealed, and the Nevada Supreme Court affirmed.[9]

**B.   Summary of issues**

Orth then commenced this action with a proper-person petition.[10] I appointed counsel, who filed a counseled amended petition.[11] Respondents filed a motion to dismiss,[12] petitioner filed an opposition,[13] and respondents filed a reply.[14] After full briefing, the two remaining arguments in the motion to dismiss are that Ground Two (A) is both unexhausted and untimely.

Underlying Ground Two (A) is Orth's inability to recall Zachary Zafranovich[15] as a witness for the defense. Orth was accused of robbing Zafranovich. After the robbery, Zafranovich gave detectives a watch, said that the watch came off of Orth in the struggle, and

---

[4] *Id.*
[5] ECF No. 28-4.
[6] ECF No. 28-6.
[7] ECF No. 28-7 and 29-1.
[8] ECF No. 32-2.
[9] ECF No. 32-8.
[10] ECF No. 6.
[11] ECF No. 57.
[12] ECF No. 65.
[13] ECF No. 69.
[14] ECF No. 72.
[15] I use the spelling of Zafranovich's last name that he himself gave at trial. ECF No. 23-1 at 47.

suggested that the watch had Orth's DNA on it.[16] Zafranovich testified for the prosecution, and Orth cross-examined him. The trial court excused Zafranovich, but he was still under subpoena and subject to recall.[17]

After Zafranovich's testimony, three things related to his testimony occurred. First, a witness testified that he had performed DNA analysis on the watch and had determined that Orth's DNA was not on the watch.[18] Second, a police officer testified about another meeting with Zafranovich that Orth did not know about—one in which Zafranovich brought other property that Zafranovich claimed was related to the robbery. The officer thought otherwise and did not take the property into evidence. The officer did not write a report about this meeting.[19] Third, the casino's custodian of records showed that Zafranovich did not win $14,000, but rather just $1,500.[20]

Orth tried to recall Zafranovich as a witness. Orth wanted to ask Zafranovich about those three items of evidence to attack Zafranovich's credibility.[21] Zafranovich did not appear, citing medical reasons. The trial court did not allow a further attempt to recall Zafranovich.[22] The trial court denied Orth's request to read Zafranovich's statement to the police.[23] The trial court denied Orth's request to recall the police officers who interviewed Zafranovich.[24] On direct

---

[16] ECF No. 57 at 14–15.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 15–16.
[20] *Id.* at 16.
[21] *Id.*
[22] *Id.*
[23] *Id.* at 17.
[24] *Id.*

3

appeal, Orth argued that his inability to recall Zafranovich violated his right to confront the witnesses against him, guaranteed by the Sixth Amendment.[25]  The Nevada Supreme Court rejected the argument.[26]  Ground Four of the amended petition is this Confrontation Clause claim.[27]

Ground Two (A) is a claim that appellate counsel provided ineffective assistance because appellate counsel based the argument on the wrong legal theory.  Orth argues that appellate counsel should have argued that the trial court's refusal to recall Zafranovich, refusal to allow Orth to read Zafranovich's statements to the jury, and refusal to recall the police officers who spoke to Zafranovich violated both Orth's right to compulsory process guaranteed by the Sixth Amendment and Orth's right to present a defense.[28]

## Discussion

**A.    Legal standards**

**1.    Exhaustion of state-court remedies**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[29]  To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.[30]

---

[25] ECF No. 28-2 at 38–40.

[26] ECF No. 28-4 at 15–16.

[27] ECF No. 57 at 30-33.

[28] *Id.* at 14–18.

[29] 28 U.S.C. § 2254(b).

[30] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

### 2. Timeliness and relation back

A petitioner has one year from the date of finality of the state-court judgment of conviction to file a federal habeas corpus petition under 28 U.S.C. § 2254.[31] The time that a state petition for post-conviction or other collateral review is pending does not count toward that one-year period.[32] An amended habeas corpus petition "does not relate back (and thereby escape [§ 2244(d)(1)(A)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[33] Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ."[34]

## B. Analysis

### 1. Respondents' state-court arguments about exhaustion

Respondents argue that Grounds One (A), One (B), Two (B), and Two (C) are exhausted as presented to the state courts.[35] If respondents are trying to argue that Orth has alleged facts or legal theories in the amended petition that he did not allege in the state courts, then respondents do not argue what facts or legal theories Orth has not presented to the state courts. I thus will not address these arguments further.

---

[31] 28 U.S.C. § 2244(d)(1)(A).
[32] 28 U.S.C. § 2244(d)(2).
[33] *Mayle v. Felix*, 545 U.S. 644, 650 (2005).
[34] *Id*. at 664.
[35] ECF No. 65 at 9–10, 11.

### 2. Grounds Three and Four

Respondents initially argued that Grounds Three and Four are unexhausted in part.[36] Based upon Orth's statements in his opposition, respondents now acknowledge that these grounds are exhausted, and they withdraw those arguments.[37]

### 3. Ground Two (A) is exhausted

In Ground Two (A), Orth argues that appellate counsel provided ineffective assistance because appellate counsel did not raise the trial court's refusal to recall Zafranovich, refusal to allow Orth to read Zafranovich's statements to police into evidence, and refusal to recall police officers who interviewed Zafranovich as denials of compulsory process and the right to present a defense. Respondents argue that Orth did not present the issue of the right to present a defense to the Nevada Supreme Court.

Underlying this ineffective-assistance claim in Ground Two (A) are two legal theories.[38] First is the theory that the trial court denied Orth his right to compulsory process. Second is the theory that the trial court denied Orth his right to present a defense. Also underlying Ground Two (A) are three sets of facts: (1) the trial court's refusal to recall Zafranovich, (2) the trial court's refusal to let Orth read Zafranovich's statements to police officers into the record, and (3) the trial court's refusal to recall the police officers who interviewed Zafranovich so Orth could question them about Zafranovich's statements.

---

[36] *Id.* at 12–13.

[37] ECF No. 72 at 5–6.

[38] Although Ground Two (A) is a claim of ineffective assistance of appellate counsel, I refer only to the underlying theories and facts. Otherwise, my descriptions of how all combinations of theories and facts are exhausted will be convoluted and confusing. Ultimately, Ground Two (A) is a claim of ineffective assistance of appellate counsel.

6

The compulsory-process claim regarding the refusal to recall Zafranovich definitely is exhausted. Respondents do not challenge this aspect of Ground Two (A).

The compulsory-process claim regarding the refusal to recall the police officers also is unexhausted. In Orth's brief on appeal from the denial of the post-conviction petition, he argued that trial court did not allow him "to bring in relevant portions of Zafranovich's earlier statements to law enforcement,"[39] That general statement encompasses both Orth's request to read Zafranovich's statements into the record and, failing that, his request to recall the officers who spoke to Zafranovich.

Turning to the denial-of-defense claim, I note that it has multiple constitutional underpinnings. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'"[40] Orth has exhausted his denial-of-defense claim with respect to recalling Zafranovich and the police officers as witnesses. In his brief, he wrote, "'The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.'"[41] In other words, Orth's compulsory-process claim is a denial-of-defense claim. He alerted the Nevada Supreme Court to this, and he makes it explicit in the amended petition.

---

[39] ECF No. 32-5 at 21.

[40] *Crane v. Kentucky*, 476 U.S. 683 (1986) (citations omitted).

[41] ECF No. 32-5 at 20 (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)).

With respect to reading Zafranovich's statements into the record, Orth has exhausted the complete-defense claim. As noted above, he did argue in his appellate brief that he was not allowed to introduce Zafranovich's statements to the police: "'The due process clauses in our constitutions assure an accused the right to introduce into evidence any testimony or documentation which would tend to prove the defendant's theory of the case,'" he noted.[42] Orth thus alerted the Nevada Supreme Court about the due-process aspect of the denial-of-defense claim regarding his inability to read Zafranovich's statements into the record.

Because Orth has presented to the Nevada Supreme Court all the facts and legal theories, in all their combinations, that underly his claim of ineffective assistance of appellate counsel, Ground Two (A) is exhausted.

### 4. Ground Two (A) relates back to the initial petition

Orth filed his initial petition before the one-year limitation period expired. But he filed his counseled amended petition after the one-year limitation period expired, so the grounds in the amended petition thus must relate back to the grounds in the initial petition for them to be timely. Respondents argue that the denial-of-defense claim in ground Two (A) does not relate back to the initial petition.

Respondents' base their argument upon the lack of a denial-of-defense claim in the initial petition. That basis is incorrect. Ground Two (A) relates back if it shares a common core of operative *fact* with a ground in the initial petition; it matters not whether Ground Two (A) shares a common legal theory.[43] Respondents do not argue that Orth did not allege any facts in the amended petition that he did not allege in the initial petition, and such an argument would fail.

---

[42] ECF No. 32-5 at 21–22 (quoting *Vipperman v. State*, 614 P.2d 532, 534 (Nev. 1980)).

[43] *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

Ground Two of the initial petition was a claim that appellate counsel provided ineffective assistance by not raising a compulsory-process claim.  In addition to arguing that the trial court did not allow him to recall Zafranovich, Orth argued that the trial court refused to admit into evidence Zafranovich's recorded statements to the police.[44]  Ground Two (A) of the amended petition thus shares a common core of operative fact with Ground Two of the initial petition, making it timely.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 65] is DENIED**.

IT FURTHER IS ORDERED that respondents have until October 27, 2021, to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will then have 30 days from service to file a reply.

Dated: August 27, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[44] ECF No. 6 at 22–38.